IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYSON, INC., | Case No. 10-cv-08126 |
| Plaintiff, | Judge Samuel Der-Yeghiayan |
| v. | Magistrate Judge Maria Valdez |
| BISSELL HOMECARE, INC., | |
| Defendant. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD**

Plaintiff Dyson, Inc. ("Dyson"), hereby files its opposition to Defendant Bissell Homecare Inc.'s ("Bissell") Motion for an Extension of Time to Answer or Otherwise Plead. In support thereof, Dyson states as follows:

1. Dyson filed its Complaint in this matter on Wednesday, December 22, 2010. The parties agree that Bissell was properly served with Dyson's Complaint on December 23, 2010, and that Bissell's response to the Complaint is due January 13, 2011.

2. On January 7, 2011, this Court set the initial status hearing in this case for Tuesday, January 25, at 9:00 a.m. and ordered that at least four working days before the initial status hearing, the parties conduct a Fed. R. Civ. P. 26(f) conference and file the joint written Initial Status Report and Jurisdictional Status Report.

3. On January 10, 2011, Bissell's counsel David Hilliard called Dyson counsel, Brendan O'Rourke, to raise three issues: (1) the need to schedule the Rule 26(f) conference for the week of January 17; (2) the possibility of settlement; and (3) that Bissell wanted a 21-day extension to respond to Dyson's Complaint.

4. As to Bissell's request for a 21-day extension, Mr. O'Rourke advised Mr. Hilliard that he would consult with Dyson and respond shortly. In its motion, Bissell now attempts to justify a 21-day extension on the ground that Bissell did not retain Mr. Hilliard's firm until January 7. But at no time during his conversation with Mr. O'Rourke did Mr. Hilliard mention when Bissell retained his firm nor why it had taken so long for Bissell to retain counsel. In fact, *Mr. Hilliard did not offer any reason for the requested extension.*

5. Mr. O'Rourke spoke with Mr. Hilliard again that same afternoon and offered to stipulate to a 10-day extension for Bissell to respond to Dyson's Complaint. A 10-day extension would have Bissell responding to the Complaint by January 24, before the January 25 status hearing. Mr. Hilliard stated that the 10-day extension was insufficient, *but did not explain why*. Instead, Mr. Hilliard simply stated that Bissell would file a motion to extend its time to respond to the Complaint by 21 days. In his January 10 calls with Mr. O'Rourke, Mr. Hilliard never requested an extension of any other deadlines in the case.

6. Later in the afternoon of January 10, Bissell filed a Motion for an Extension of Time to Answer or Otherwise Plead, seeking an extension until February 3, 2011. In that motion, and to Dyson's surprise, Bissell also requested that the Court extend the deadline to submit the joint status report by a full month, to February 17, 2011.

7. *First,* Bissell's request for an extension of the joint status report deadline respectfully should be denied. Bissell never communicated to Dyson its intention of moving for that extension prior to filing its motion, nor was the request for that extension contained in its Notice of Motion. Instead, Bissell tacked on this request to the last paragraph of its Motion for an Extension of Time to Answer or Otherwise Plead, and does so without seeking an adjournment of the January 25 status conference. (Moreover, Bissell's motion incorrectly states

that the joint status report is due January 21 when in fact it is due, according to this Court's January 7 Minute Order, by January 19, four *working* days before the hearing.)

8. *Second,* Bissell's request for a 21-day extension of its time to respond to Dyson's Complaint respectfully should be denied. Fed. R. Civ. P. 12(a) permits the defendant 21 days to answer a complaint. Here, by the admission of its own counsel, Bissell allowed 14 of the 21 days to elapse before even retaining counsel. Bissell now asks for an additional 21 days to respond, which would result in a 27-day answer period from the date Bissell's counsel was retained, and 42 days since Bissell was served. On the other hand, Dyson's proposed 10-day extension (in actuality, an 11-day extension because the 10th day is a Sunday) would give Bissell 17 days from the date its counsel was retained to file a responsive pleading. This 10-day extension is more than sufficient; moreover, with the status hearing set for January 25, Dyson believes that it and the Court would be well-served by having Bissell file its response before the hearing and the adoption of any case management schedule.

9. Bissell has not shown good cause, as Rule 6(b) requires, to extend its time to respond to the Complaint by 21 days. Bissell has provided no explanation for waiting until January 7 to retain counsel or for why a 10-day extension of its time to respond is insufficient.

10. Nor is there good cause for Bissell's request for a month-long extension of the time to file the joint status report. Dyson intends fully to comply with this Court's scheduling Order setting the dates for the submission of the status report and jurisdictional report and the initial status hearing  Bissell has failed to show good cause for altering the joint status report deadline; indeed, such an extension would interfere with an essential purpose of the January 25 status hearing -- for which Bissell *has not sought an extension* -- namely, to use the joint status report to promulgate a case management scheduling order.

11. In the interest of judicial economy, this Court should preserve its ordered schedule which calls for a joint status report to be submitted to the Court on January 19, 2011, in advance of the January 25 initial status hearing.

WHEREFORE, Dyson respectfully requests that the Court deny (a) Bissell's motion to extend its time to file a responsive pleading from January 13, 2011 to February 3, 2011, and (b) Bissell's request to extend the due date of the joint status report from January 19, 2011 to February 17, 2011. Dyson does not object to an extension of Bissell's time to respond to the Complaint until January 24, 2011.

Dated: January 12, 2011

Respectfully submitted,

By: _/s/ Catherine J. Spector_
Steven R. Gilford (IL Bar No. 3121730)
Catherine J. Spector (IL Bar No. 6287459)
PROSKAUER ROSE LLP
Three First National Plaza
70 W. Madison, Ste. 3800
Chicago, Illinois 60602-4342
Telephone (312) 962-3507
(312) 962-3550
Facsimile (312) 962-3551
Email: sgilford@proskauer.com
Email: cspector@proskauer.com
-and-
Lawrence I. Weinstein (*admitted pro hac vice*)
Brendan J. O'Rourke (*admitted pro hac vice*)
Dolores F. DiBella (*admitted pro hac vice*)
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
Telephone (212) 969-3000
Facsimile (212) 969-2900
Email: lweinstein@proskauer.com
Email: borourke@proskauer.com
Email: ddibella@proskauer.com
*Attorneys for Plaintiff Dyson, Inc.*

## **CERTIFICATE OF SERVICE**

  I, Catherine J. Spector, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing to be served on the following attorneys, today January 12, 2011, by operation of the Court's CM/ECF electronic filing system:

  David C. Hilliard
  Hans Ulrich Widmaier
  Ashly A. Iacullo
  PATTISHALL, MCAULLIFFE, NEWBURY, HILLIARD & GERALDSON LLP
  311 South Wacker Drive, Suite 5000
  Chicago, Illinois 60606
  Telephone: (312) 554-8000
  Facsimile: (312) 554-8015
  *Attorneys for Defendant, Bissell Homecare, Inc.*

           By:  */s/ Catherine J. Spector*
              Catherine J. Spector