**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DYSON, INC., | : | |
| | : | Case No. 10 Civ. 08126 |
| Plaintiff, | : | |
| | : | Judge Samuel Der-Yeghiayan |
| v. | : | |
| | : | Magistrate Judge Maria Valdez |
| BISSELL HOMECARE, INC., | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

**JOINT JURISDICTIONAL STATUS REPORT**

Pursuant to Judge Samuel Der-Yeghiayan's Joint Jurisdictional Status Report Order, Plaintiff Dyson, Inc. ("Dyson" or "Plaintiff"") and Defendant BISSELL Homecare, Inc. ("BISSELL" or "Defendant"), by and through their respective attorneys, hereby submit the following Joint Jurisdictional Status Report.

**I.    Subject Matter Jurisdiction.**  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*  BISSELL has admitted that this Court has subject matter and supplemental jurisdiction over this case. *See* Defendant BISSELL Homecare, Inc.'s Answer and Affirmative Defenses to Dyson, Inc.'s Complaint, at ¶ 19, attached as Exhibit A.

Although federal question jurisdiction under 28 U.S.C. § 1331 is sufficient to bring this matter under this Court's jurisdiction, we also note that this Court also has subject matter jursidiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this lawsuit is between citizens of different States.

1

Dyson and BISSELL are corporations with their principal place of business and their place of incorporation in different states, and thus are citizens of different states for purposes of 28 U.S.C. § 1332.

Dyson is an Illinois Corporation with its principal place of business at 600 West Chicago Avenue, Suite 275, Chicago, Illinois 60654. *See* Affidavit of Caroline Errington dated February 17, 2011, attached as Exhibit B; Dyson, Inc.'s Articles of Incorporation, attached as Exhibit C; website printout of Illinois Secretary of State Corporation File Detail Report, attached as Exhibit D.

BISSELL is a corporation organized under the laws of Michigan with its principal place of business at 2345 Walker Avenue, NW, Grand Rapids, Michigan 49544. *See* Affidavit of William J. Brennan, dated February 17, 2011, attached as Exhibit E. BISSELL has admitted that it is a Michigan corporation with its principal place of business at 2345 Walker Avenue, NW, Grand Rapids, Michigan 49544. *See* Defendant BISSELL Homecare, Inc.'s Answer and Affirmative Defenses to Dyson, Inc.'s Complaint, at ¶ 17, attached as Exhibit A; BISSELL Homecare, Inc.'s Articles of Incorporation, attached as Exhibit F; website printouts from Michigan Department of Energy, Labor and Economic Growth Corporate Entity Details page and Michigan Department of Energy, Labor and Economic Growth Bureau of Commercial Services, Corporation Division Profit Corporation Information Update page, both attached as Exhibit G.

The amount in controversy exceeds $75,000 exclusive of interest and costs as Dyson has asked for an order directing BISSELL to account for and pay to Dyson all gains, profits and advantages derived by BISSELL from its allegedly wrongful acts, money damages in an amount

to be proved at trial, a multiplier of any award due to BISSELL's allegedly willful and deliberate activities, and punitive damages. BISSELL has denied that Dyson is entitled to any damages.

The Court has supplemental jurisdiction over Dyson's state law claims pursuant to 28 U.S.C. § 1367(a). For these reasons, this Court has subject matter jurisdiction over Plaintiff's claims.

**II.     Venue (Dyson's Position).**   Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), 1391(b)(2) and 735 ILCS 5/2-209 because, *inter alia:*

a.   **BISSELL Transacts Business In This District**

BISSELL is deemed to reside in this district, and thus venue is proper in this federal judicial district, because BISSELL transacts business in this judicial district. BISSELL actively solicits business in this judicial district by marketing and selling its consumer appliances, including upright, canister and handheld vacuums, cleaning products, sweepers, mops and steam cleaners to consumers in this judicial district through its website, www.BISSELL.com. BISSELL also makes its vacuums are available for purchase by consumers in this judicial district at various retail outlets. *See* Affidavit of Caroline Errington dated February 17, 2011, attached as Exhibit B. BISSELL admits that its products are sold at many retail outlets. *See* Defendant BISSELL Homecare, Inc.'s Answer and Affirmative Defenses to Dyson, Inc.'s Complaint, at ¶ 18, attached as Exhibit A.

b.   **BISSELL Has Disseminated the Advertisements at Issue In This District**

BISSELL is also deemed to reside in this district, and thus venue is proper in this federal judicial district, because BISSELL has disseminated the advertisements at issue in this judicial district.   BISSELL's advertisements have been distributed and published to consumers in this judicial district by BISSELL's website, www.BISSELL.com.  BISSELL's advertising statements

and claims are also included on the packaging of vacuums that are sold at various retail outlets in this judicial district. *See* Affidavit of Caroline Errington dated February 17, 2011, attached as Exhibit B.

> c. **A Substantial Part of the Events or Omissions Giving Rise to the Claims Alleged Herein Occurred In This District**

Venue is also proper in this federal judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this district. Because BISSELL transacts business in this judicial district and disseminated the advertisements at issue in this judicial district, as explained in parts (a) and (b) above, a substantial part of the events or omissions giving rise to Dyson's claims occurred in this district.

BISSELL has also admitted that this Court has personal jurisdiction over it, and that venue is proper in this judicial district. *See* Defendant BISSELL Homecare, Inc.'s Answer and Affirmative Defenses to Dyson, Inc.'s Complaint, at ¶¶ 20-21, attached as Exhibit A. For these reasons, venue is proper in this district.

4

Dated:  February 17, 2011    Respectfully submitted,

           By: _____*/s/ Brendan J. O'Rourke*_____

            Steven R. Gilford (IL Bar No. 3121730)
            Catherine J. Spector (IL Bar No. 6287459)
            PROSKAUER ROSE LLP
            Three First National Plaza
            70 W. Madison, Ste. 3800
            Chicago, Illinois 60602-4342
            Telephone: (312) 962-3550
            Facsimile:(312) 962-3551

            *-and-*
            Lawrence I. Weinstein *(admitted pro hac vice)*
            Brendan J. O'Rourke *(admitted pro hac vice)*
            Dolores F. DiBella *(admitted pro hac vice)*
            PROSKAUER ROSE LLP
            Eleven Times Square
            New York, New York 10036
            Telephone: (212) 969-3000
            Facsimile: (212) 969-2900
            *Attorneys for Plaintiff Dyson, Inc.*

            *-and-*

           By: _____*/s/ Uli Widmaier*_____
            Uli Widmaier

            David C. Hilliard  (IL Bar No. 1217496)
            Uli Widmaier (IL Bar No. 6226366)
            Ashly A. Iacullo (IL Bar No. 6289801)
            PATTISHALL, MCAULIFFE, NEWBURY,
            HILLARD & GERALDSON
            311 South Wacker Drive
            Suite 5000
            Chicago, IL 60606
            Telephone: (312) 554-8000
            Facsimile:  (312) 554-8015
            *Attorneys for Defendant BISSELL Homecare,*
            *Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on this 17th day of February, 2011.


*/s/ Brendan J. O'Rourke*
Brendan J. O'Rourke
*Attorney for Plaintiff Dyson, Inc.*