**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DYSON, INC., <br><br> Plaintiff, <br><br> v. <br><br> BISSELL HOMECARE, INC., <br><br> Defendant. | Case No. 10 Civ. 08126 <br><br> Judge Samuel Der-Yeghiayan <br><br> Magistrate Judge Maria Valdez <br><br> **JURY TRIAL DEMANDED** |

**INITIAL STATUS REPORT**

Pursuant to Judge Samuel Der-Yeghiayan's Initial Status Report Order, Plaintiff Dyson, Inc. ("Dyson" or "Plaintiff") and Defendant BISSELL Homecare, Inc. ("BISSELL" or "Defendant"), by and through their respective attorneys, hereby submit the following Initial Status Report.

| ATTORNEYS OF RECORD FOR DYSON: | ATTORNEYS OF RECORD FOR BISSELL: |
|---|---|
| Steven R. Gilford (IL Bar No. 3121730) <br> Catherine J. Spector (IL Bar No. 6287459) <br> PROSKAUER ROSE LLP <br> Three First National Plaza <br> 70 W. Madison, Ste. 3800 <br> Chicago, Illinois 60602-4342 <br> Telephone: (312) 962-3550 <br> Facsimile: (312) 962-3551 <br>     -and- <br> Lawrence I. Weinstein *(admitted pro hac vice)* <br> Brendan J. O'Rourke *(admitted pro hac vice)* <br> Dolores F. DiBella *(admitted pro hac vice)* <br> PROSKAUER ROSE LLP <br> Eleven Times Square <br> New York, New York 10036 <br> Telephone: (212) 969-3000 <br> Facsimile: (212) 969-2900 <br><br> Brendan J. O'Rourke will be the lead trial attorney for Plaintiff Dyson. | David C. Hilliard (IL Bar No. 1217496) <br> Uli Widmaier (IL Bar No. 6226366) <br> Ashly A. Iacullo (IL Bar No. 6289801) <br> PATTISHALL, MCAULIFFE, NEWBURY, HILLARD & GERALDSON <br> 311 South Wacker Drive <br> Suite 5000 <br> Chicago, IL 60606 <br> Telephone: (312) 554-8000 <br> Facsimile: (312) 554-8015 <br><br> David Craig Hilliard will be the lead trial attorney for Defendant BISSELL. |

1. **Nature of claims and counterclaims.** Dyson alleges that a BISSELL advertising campaign encompassing at least 11 different BISSELL vacuum cleaner models, including BISSELL's 5 top-selling upright vacuum cleaners, violates the Lanham Act (15 U.S.C. § 1125(a)), the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2), the Illinois Consumer Fraud and Deceptive Trade Practice Act (815 ILCS 505/2), and constitutes unfair competition under Illinois common law. Dyson alleges that BISSELL's advertising explicitly claims that at least 11 of its vacuum cleaner models provide HEPA air filtration performance and capture over 99.9% of some of the most common allergens contained in household dust. Dyson alleges that BISSELL's claims are false, since the filtration performance and allergen capture of nearly all of BISSELL's leading-selling upright vacuums, and many of its other vacuums. are not close to HEPA-level, as proven through independent testing commissioned by Dyson. BISSELL has denied Dyson's claims and asserted affirmative defenses. BISSELL further maintains that Dyson's complaint contains factual allegations with respect to exactly 11 BISSELL models, Dyson had the opportunity fully to investigate BISSELL's other products prior to filing the Complaint, and Dyson's claims are limited to those 11 BISSELL models by virtue of a release entered into between Dyson and BISSELL on or about February 3, 2011. Dyson disagrees with Bissell's position. BISSELL has asserted no counterclaims.

2. **Relief sought by Plaintiff.** Dyson seeks permanent injunctive relief; statutory, punitive, compensatory, and enhanced damages; Dyson's costs and attorneys' fees; and BISSELL's profits.

3. **Names of parties not served.** All parties have been served.

4. **Principal legal issues.** The principle legal issues include the following:

(a) Dyson maintains that the principal legal issue is whether BISSELL's advertising statements and claims, as described above and as alleged in Dyson's Complaint, violate the Lanham Act, 15 U.S.C. § 1125(a), the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Trade Practice Act, and/or Illinois unfair competition law.

(b) BISSELL maintains that the principal legal issues are whether Dyson's allegations state a claim upon which relief can be granted; whether Dyson's claims are barred by the doctrines of laches, acquiescence, estoppel, and unclean hands; whether Dyson's state law claims are barred by the statute of limitations; whether Dyson has released BISSELL from the claims alleged in the Complaint by virtue of a covenant not to sue entered between Dyson and BISSELL on or about December 27, 2006; whether Dyson has released BISSELL from all claims that arose on or before January 26, 2011, other than the claims expressly set forth in the Complaint, by virtue of a release entered into between Dyson and BISSELL on or about February 3, 2011.

**5. Principal factual issues.** Dyson alleges that the principal factual issues include, but are not limited to: (a) whether BISSELL's advertising statements and claims about the air filtration performance, health benefits, and testing of its vacuums are literally false; (b) whether BISSELL was aware that these advertising statements and claims were literally false; (c) whether BISSELL's vacuum cleaners were deliberately designed to reduce the vacuum cleaners' air filtration performance in order to maintain the vacuum's suction performance; (d) whether BISSELL advertised the alleged health benefits of its vacuum cleaners in order to induce consumers to purchase its products; and (e) the damage to Dyson from BISSELL's actions. BISSELL has denied Dyson's claims and asserted affirmative defenses. BISSELL further maintains that Dyson's complaint contains factual allegations with respect to exactly 11 BISSELL models, Dyson had the opportunity fully to investigate BISSELL's other products prior to filing the Complaint, and Dyson's claims are limited to those 11 BISSELL models by virtue of a release entered into between Dyson and BISSELL on or about February 3, 2011. Dyson disagrees with Bissell's position.

BISSELL alleges that the principal factual issues include, but are not limited to: (a) whether BISSELL's advertising statements alleged in the Complaint are true, not deceptive, not literally false, immaterial, and in conformance with general advertising practices in the vacuum cleaner industry; (b) whether any claims alleged in the Complaint are based on facts, events or circumstances that were known by Dyson as of December 27, 2006, or that reasonably could have been know or anticipated by Dyson as of December 27, 2006; (c) whether BISSELL suffers prejudice from being sued by Dyson despite Dyson's express assurances to BISSELL as of December 27, 2006 that it would not sue BISSELL for any claims based on facts, events or circumstances that were known by Dyson prior to December 27, 2006, or that reasonably could have been know or anticipated by Dyson as of December 27, 2006; (d) whether BISSELL suffers prejudice from being sued by Dyson despite the parties' cooperation and investigation of each other's business practices in 2006 and 2007, and entry into at least two agreements memorializing such cooperation and investigation; (e) whether Dyson knew or reasonably should have known for more than three years prior to filing the Complaint about the statements alleged in the Complaint, or statements similar thereto, and whether this passage of time causes prejudice to BISSELL; (f) whether Dyson engages or has engaged in false advertising for any of its products; and (g) whether Dyson suffered any damages from any of the actions alleged in the Complaint. Dyson denies each of BISSELL's affirmative defenses.

The factual issues will be further developed as litigation progresses.

**6. List of pending motions and brief summary of bases for motions.** There are no pending motions to date.

**7. Description of discovery requested and exchanged.** On January 25, 2011, Dyson served its First Request for Production of Documents to BISSELL ("the First Requests"), which asked for, *inter alia*, the following categories of documents: (a) documents concerning analysis or testing of the filtration, particle emissions, and allergen capture performance of the eleven BISSELL vacuums identified in the Complaint (the "BISSELL Vacuums"); (b) documents concerning the analysis or testing of BISSELL's advertising statements and claims identified in the Complaint (the "Statements and Claims"); (c) documents concerning the design of and materials used in the BISSELL Vacuums and their effect on performance; (d) documents concerning BISSELL's decision to use the Statements and Claims and its decisions to use the terms "HEPA," "HEPA Media" and "Media"; (e) documents concerning any messages or claims that BISSELL intended to communicate or believes are communicated by the Statements and Claims; (f) documents concerning the advertising and marketing of the Statements and Claims; (g) documents concerning BISSELL's sales, profits, and market size of the BISSELL Vacuums; and (h) documents concerning BISSELL's affirmative defenses. BISSELL expects to serve its Responses and Objections to the First Requests on February 24, 2011, and to commence production of documents shortly thereafter.

BISSELL served Dyson with BISSELL's First Set of Document Requests, First Set of Interrogatories, and First Set of Requests to Admit by email and first class mail on February 11, 2011, asking for documents and information pertaining to the following categories of information, among others: (a) Dyson's actual or constructive knowledge as of December 27, 2006, and December 22, 2007, about any filtration-related advertising statements by BISSELL; (b) the agreements, including but not limited to the covenant not to sue, entered between Dyson and BISSELL on or about December 27, 2006, and the circumstances relating to the formation of these agreements and the performance of the parties thereunder; (c) Dyson's testing of BISSELL products; (d) any harm allegedly suffered by Dyson related to any actions by BISSELL alleged in the Complaint; and (e) any false advertising that Dyson may have engaged in in the past or is engaging in at present, and any findings by any court or other tribunal concerning such false advertising.

**8. Type of discovery needed.** In addition to document demands, interrogatories, requests to admit, and depositions, the parties also anticipate needing expert discovery and third-party discovery.

4

**9. Proposed dates for Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion (including dates for delivery of expert reports), filing of dispositive motions, filing of final pretrial order.** Below are the parties' proposed dates for the foregoing, as well as deadlines for amendment of pleadings and addition of parties.

| DEADLINE | PROPOSED DATE |
|---|---|
| Required Initial Disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a)(1)(A) | March 11, 2011 |
| Deadline for Amendment of Pleadings | May 2, 2011 |
| Deadline for Addition of Parties | May 2, 2011 |
| Fact Discovery Completion | October 28, 2011 |
| Deadline for Serving Expert Reports | December 16, 2011 |
| Deadline for Serving Rebuttal Expert Reports | January 23, 2012 |
| Expert Discovery Completion | March 9, 2012 |
| Deadline for Filing of Dispositive Motions | March 23, 2012 |
| Deadline for Filing of Final Pretrial Order | May 11, 2012 |

**10. Estimation of when the case will be ready for trial.** The parties estimate that the case will be ready for trial on May 21, 2012.

**11. Probable length of trial.** The parties estimate seven to ten days as the probable length of trial.

**12. Request for Jury Trial.** Dyson has requested a jury trial.

**13. Report on settlement discussions and outcome of those discussions.** The parties have, through other outside counsel, discussed settling this case in the context of another litigation between the parties. A settlement was not reached. There have been no other substantive settlement discussions.

**14. Magistrate Judge Proceedings.** The parties do not consent to proceed before a Magistrate Judge.

Dated: February 17, 2011          Respectfully submitted,

By:    */s/ Brendan J. O'Rourke*

    Steven R. Gilford (IL Bar No. 3121730)
    Catherine J. Spector (IL Bar No. 6287459)
    PROSKAUER ROSE LLP
    Three First National Plaza
    70 W. Madison, Ste. 3800
    Chicago, Illinois 60602-4342
    Telephone: (312) 962-3550
    Facsimile:    (312) 962-3551
    *-and-*
    Lawrence I. Weinstein *(admitted pro hac vice)*
    Brendan J. O'Rourke *(admitted pro hac vice)*
    Dolores F. DiBella *(admitted pro hac vice)*
    PROSKAUER ROSE LLP
    Eleven Times Square
    New York, New York 10036
    Telephone: (212) 969-3000
    Facsimile: (212) 969-2900
    *Attorneys for Plaintiff Dyson, Inc.*

By:    */s/ Uli Widmaier*

    David C. Hilliard (IL Bar No. 1217496)
    Uli Widmaier (IL Bar No. 6226366)
    Ashly A. Iacullo (IL Bar No. 6289801)
    PATTISHALL, MCAULIFFE, NEWBURY, HILLARD &
    GERALDSON
    311 South Wacker Drive
    Suite 5000
    Chicago, IL 60606
    Telephone: (312) 554-8000
    Facsimile: (312) 554-8015
    *Attorneys for Defendant*
    *BISSELL Homecare, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on this 17th day of February, 2011.

                                                                           */s/ Brendan J. O'Rourke*
                                                                           Brendan J. O'Rourke
                                                                           *Attorney for Plaintiff Dyson, Inc.*