**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DYSON, INC., | Case No. 10-cv-08126 |
| Plaintiff, | Judge Samuel Der-Yeghiayan |
| v. | Magistrate Judge Maria Valdez |
| BISSELL HOMECARE, INC., | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DYSON'S MOTION TO COMPEL BISSELL PURSUANT TO RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff Dyson, Inc. ("Dyson") moves pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel defendant Bissell Homecare, Inc. ("Bissell") to provide substantive answers to Dyson's First Set of Interrogatories. As set forth below, Dyson's Interrogatories go to the very heart of the merits in this case. Bissell refuses to respond to ***all*** of Dyson's Interrogatories, claiming that Dyson has served ***over 800 interrogatories*** and stating that it will not produce confidential information, even on an "outside counsel's eyes only" basis. In view of Bissell's disregard of its obligations under the Federal Rules and this Court's Local Rules, Dyson respectfully requests that this Court compel Bissell to immediately provide responsive, substantive, and binding responses to Dyson's Interrogatories.

**BACKGROUND**

Dyson filed its Complaint against Bissell for violations of the Lanham Act and Illinois Unfair Competition Act in this Court on December 22, 2010. The Complaint alleges that Bissell knowingly makes explicit, quantified representations to consumers about the air filtration

performance of eleven of its vacuums, as well as about the health benefits from using those vacuums, that are false and/or misleading. (*See* Dkt. No. 1 at *passim*). Bissell filed its Answer and Affirmative Defenses on February 3, 2011, denying the allegations set forth in the Complaint and pleading defenses of laches, statute of limitations, acquiescence, estoppel, release, and unclean hands.[1] (*See* Dkt. No. 24).

On March 22, 2011, Dyson served Bissell with its First Set of Interrogatories, which consisted of five requests (reproduced *verbatim* below):

- State Bissell's complete factual and legal bases for each of its affirmative defenses against Dyson found in Bissell's Answer to Dyson's Complaint, filed February 3, 2011, including the identification of any documents and/or witnesses that support or refute Bissell's affirmative defenses (Interrogatory No. 1);

- Describe with particularity Bissell's substantiation for the following advertising claims, including the identification of any documents that support or refute each of the following claims [listing 49 Bissell advertising claims at issue in this case]. For each claim referenced above, Bissell's response to this interrogatory shall include, but not be limited to: a) identification and description of all test method(s) conducted relating to the claim, even if the results of a particular test were not ultimately used to substantiate the claim; b) a detailed description of the results of all such test method(s) conducted, including, for any industry standard test conducted, all data required to be reported under that standard; and c) a detailed description of the reasons why Bissell used the test method(s) identified in response to this Interrogatory (Interrogatory No. 2);

- For each claim listed in Interrogatory No. 2 above, provide the first date of use for the claim, the date of each subsequent use of the claim, the medium or media in which each instance of the claim was made, the product/model as to which each

---

[1] By signing and filing its Answer, Bissell certified to this Court that: (1) its Answer and Affirmative Defenses were not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) Bissell's defenses and other legal contentions were warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) Bissell's factual contentions had evidentiary support or, if specifically so identified, would likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) Bissell's denials of factual contentions were warranted on the evidence or, if specifically so identified, were reasonably based on belief or a lack of information. Fed. R. Civ. P. 11. To the extent Bissell is refusing to provide its bases for its affirmative defenses or the substantiation for the advertising claims at issue because it has none, Dyson is entitled to an interrogatory response that verifies those facts so that it can seek proper dispositive adjudication of this case.

      instance of the claim was made, and the duration of each use of each claim (Interrogatory No. 3);

- For each claim identified in Interrogatory No. 2 above, identify any changes or revisions made to the claim, the date when the change or revision was made, the medium or media in which each revised claim was made, the product/model as to which each revised claim was made, the duration of each use of the revised claim, and describe with particularity why each identified change or revision was made (Interrogatory No. 4); and

- Identify the manufacturer and/or supplier of the HEPA filters used in each of the Bissell Vacuums, including without limitation each manufacturer and/or supplier's name, address, and contact person, as well as any information provided by the manufacturer and/or supplier to Bissell or by Bissell to the manufacturer and/or supplier regarding the performance of the HEPA filters provided to Bissell (Interrogatory No. 5).

(Ex. 1, Dyson's First Set of Interrogatories to Bissell). Each of Dyson's interrogatories goes to the very heart of the issues in this case: (1) the factual and legal basis for Bissell's affirmative defenses; (2) Bissell's substantiation for the advertising claims at issue in the Complaint; (3) Bissell's use of the advertising claims at issue in the Complaint; (4) any revisions Bissell made to the advertising claims at issue in the Complaint; and (5) the filter manufacturers and/or suppliers who supply Bissell with the HEPA filters it uses in the vacuums at issue in the Complaint. Dyson's interrogatories are the type of discovery commonly served in false advertising Lanham Act cases, and far exceed the required threshold of relevance.

      Bissell served its Objections and Responses to Dyson's First Set of Interrogatories on April 21, 2011. Bissell *refused to substantively respond* to all of Dyson's Interrogatories based on a litany of objections,[2] including: (1) the interrogatory "seeks confidential and proprietary documents and a suitable protective order has not been entered in this matter;" (2) the

---

[2] Bissell's Objections and Responses violate N.D. Ill. Local Rule 33.1, which requires a party objecting to an interrogatory or to the answer to an interrogatory to "set forth the interrogatory or the interrogatories *and answer thereto* immediately preceding the objection." (Emphasis added).

3

interrogatory "seeks documents protected by the client-attorney privilege and/or work product doctrine;" (3) the interrogatory "seeks documents that are not within BISSELL's custody or control;" (4) the interrogatory "exceeds the number of interrogatories permissible under the Fed. R. Civ. P. 33(a)(1);" and (5) the interrogatory "is unduly burdensome and overly broad." (Ex. 2, Defendant's Objections and Responses to Plaintiff Dyson, Inc.'s First Set of Interrogatories).

Dyson's counsel contacted Bissell's counsel within minutes of receiving its discovery responses, and immediately asked that the parties meet and confer the next day at any time convenient for Bissell to discuss Bissell's non-responses. After several unsuccessful attempts to meet and confer with Bissell, Bissell finally agreed to discuss its refusal to respond to Dyson's five interrogatories on April 27. At the meet and confer, Bissell raised two objections: (1) Dyson's five interrogatories collectively exceeded the limit on interrogatories under the Federal Rules; and (2) Bissell refused to provide any confidential information to Dyson, even on an "outside counsel's eyes only" basis. Bissell further identified *Holmes v. Trustees of Purdue University*, 2008 WL 656263 (N.D. Ind. Mar. 5, 2008) as support for its refusal to substantively answer any of the five interrogatories unless ordered to do so by this Court. Dyson reviewed Bissell's cited authority, determined that it did not support Bissell's position, and confirmed with Bissell that the parties were at an impasse.

**ARGUMENT**

**1. Dyson's Five Interrogatories Are Properly Counted As Five Interrogatories And Do Not Exceed The 25-Interrogatory Limit Under The Federal Rules.**

Bissell refuses to respond to any of Dyson's five interrogatories, because in its view, Dyson propounded "*at least 838 interrogatories*." (Ex. 2, Defendant's Objections and Responses to Plaintiff Dyson, Inc.'s First Set of Interrogatories at 3 (emphasis added)). As

4

shown below, Bissell counts defenses and claims as each requiring a separate interrogatory, and multiplies each by what it considers the number of "discrete subparts" to reach this number:

| **Dyson's Interrogatory** | **Bissell's Count** |
|---|---|
| 1. State Bissell's complete factual and legal bases for each of its affirmative defenses against Dyson found in Bissell's Answer to Dyson's Complaint, filed February 3, 2011, including the identification of any documents and/or witnesses that support or refute Bissell's affirmative defenses. | 7 affirmative defenses x 3 alleged "discrete subparts" = 21 interrogatories[3] |
| 2. Describe with particularity Bissell's substantiation for the following advertising claims, including the identification of any documents that support or refute each of the following claims [listing 49 Bissell advertising claims at issue in this case]. For each claim referenced above, Bissell's response to this interrogatory shall include, but not be limited to: a) identification and description of all test method(s) conducted relating to the claim, even if the results of a particular test were not ultimately used to substantiate the claim; b) a detailed description of the results of all such test method(s) conducted, including, for any industry standard test conducted, all data required to be reported under that standard; and c) a detailed description of the reasons why Bissell used the test method(s) identified in response to this Interrogatory. | 49 false and/or misleading claims x 5 alleged "discrete subparts" = 245 interrogatories |
| 3. For each claim listed in Interrogatory No. 2 above, provide the first date of use for the claim, the date of each subsequent use of the claim, the medium or media in which each instance of the claim was made, the product/model as to which each instance of the claim was made, and the duration of each use of each claim. | 49 false and/or misleading claims x 5 alleged "discrete subparts" = 245 interrogatories |
| 4. For each claim identified in Interrogatory No. 2 above, identify any changes or revisions made to the claim, the date when the change or revision was made, the medium or media in which each revised claim was made, the product/model as to which each revised claim was made, the duration of each use of the revised claim, and describe with particularity why each identified change or revision was made. | 49 false and/or misleading claims x 6 alleged "discrete subparts" = 294 interrogatories |

---

[3] Bissell raised its objection that Interrogatory No. 1 constitutes 21 discrete interrogatories for the first time during the parties' April 27, 2011 meet and confer.

| **Dyson's Interrogatory** | **Bissell's Count** |
|---|---|
| 5. Identify the manufacturer and/or supplier of the HEPA filters used in each of the Bissell Vacuums, including without limitation each manufacturer and/or supplier's name, address, and contact person, as well as any information provided by the manufacturer and/or supplier to Bissell or by Bissell to the manufacturer and/or supplier regarding the performance of the HEPA filters provided to Bissell. | 11 Bissell vacuum cleaner models<br>x<br><u>3 alleged "discrete subparts"</u> =<br>33 interrogatories |
| **TOTAL:** | *838 Interrogatories* |

Bissell's miscalculation of Dyson's total number of interrogatories served is wrong for at least two reasons. *First*, interrogatories that request information regarding multiple claims or defenses set forth in the pleadings are ***not*** counted as multiple interrogatories that exceed the limit under Fed. R. Civ. P. 33(a). *See Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 619-20 (D. Kan. 2005) (holding that the fact that plaintiffs' complaint contains more than forty paragraphs discussing alleged design defects did not defeat the defendant's ability to discover information regarding each claimed defect); *Gould v. Lumonics Research Ltd.*, No. 79 C 4594, 1982 WL 594705, at *1 (N.D. Ill. Apr. 12, 1982) (finding single interrogatory seeking factual and legal bases for "laundry list" of affirmative defenses in defendant's answer did not exceed discovery limits). According to Bissell, because Dyson's complaint alleges that more than 25 Bissell advertising claims are false and/or misleading, Dyson is not entitled to ask Bissell to provide substantiation for each of the claims at issue in the Complaint. Under this same logic, defendants could avoid responding to interrogatories about the bases for their affirmative defenses by pleading more than 25 such defenses in their Answer. This simply cannot be the case. Dyson is entitled to discovery of Bissell's substantiation for ***all*** of the false and/or misleading advertising claims at issue in its Complaint, and Bissell's bases for each of the seven affirmative defenses pled in its Answer.

*Second*, Bissell improperly counts the clarifying requests made in each of Dyson's five interrogatories as "discrete subparts." Although there is "no bright-line test on how to count parts of interrogatories, an interrogatory containing subparts ***directed at eliciting details concerning a common theme*** should be considered a single question," whereas "an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation." *Jacks v. DirectSat USA LLC*, No. 10 C 1707, 2011 WL 382858, at *2 (N.D. Ill. Feb. 1, 2011) (granting plaintiff's motion to compel holding majority of interrogatory subparts were directed towards common theme and therefore did not count against total number) (emphasis added)); *see also Cardenas*, 231 F.R.D. at 619-20 (holding that an interrogatory having three subparts and requesting information about multiple alleged design defects set forth in the Complaint did not result in multiple interrogatories because the subparts were directed at eliciting details concerning a common theme, and did not contain multiple subparts that discuss various, unrelated topics). The Federal Rules count an interrogatory having subparts as a single interrogatory, as long as the subparts are not "*discrete* subparts." The subparts in Dyson's five interrogatories are not "discrete"—they clearly are directed toward eliciting information related to a common theme (*i.e.*, the basis for each of Bissell's affirmative defenses in Interrogatory No. 1, claim substantiation in Interrogatory No. 2, use of the accused advertising claims in Interrogatory No. 3, revisions to the accused claims in Interrogatory No. 4, and identification of Bissell's HEPA filter suppliers for the 11 accused vacuums in Interrogatory No. 5). As a result, Dyson's interrogatories do not exceed the limits set under the Federal Rules, and Bissell's objection on that ground is without merit.

Moreover, Bissell's reliance on *Holmes v. Trustees of Purdue University*, 2008 WL 656263 (N.D. Ind. Mar. 5, 2008) is misplaced. During the parties' April 27 meet and confer,

7

Bissell's counsel indicated that it relied on *Holmes* as support for its position that it did not need to respond to any of Dyson's interrogatories because Dyson had served over 800 interrogatories in total. Although the *Holmes* case cites to other authority that supports this position, it also cites to authority that states otherwise. Importantly, the Court in *Holmes* did not reach that result—ultimately it did not decide the issue and asked the parties to work out the dispute among themselves. Absent any other precedent to support its position, Dyson concludes that Bissell's objections are, at best, frivolous and intended to delay discovery.

**2. Bissell Cannot Stall Discovery By Refusing To Produce Confidential Information Until A Protective Order Is Entered.**

Bissell's objection that Dyson's interrogatories "seek[] confidential and proprietary documents and a suitable protective order has not been entered in this matter" cannot excuse Bissell's failure to respond to Dyson's interrogatories. Although the parties continue to work diligently toward negotiating an acceptable protective order, Dyson has proposed on at least three occasions that the parties keep any documents or information produced prior to the entry of a protective order as "outside counsel's eyes only." Bissell continues to insist, however, that discovery cannot proceed until a protective order is in place. Because Dyson is willing to keep Bissell's interrogatory responses as "outside counsel's eyes only" pending entry of a protective order, Bissell's objection is without merit and should not excuse its refusal to provide substantive, binding responses to Dyson's interrogatories.

## CONCLUSION

Bissell should not be allowed to rely on its misplaced objections to prolong and delay discovery in this case on issues that are fundamentally tied to the litigation's merits and its ultimate disposition. For the foregoing reasons, Dyson respectfully requests that the Court

immediately compel Bissell to provide responsive, substantive, and binding responses to Dyson's First Set of Interrogatories, Nos. 1-5.

DATED this 28th day of April, 2011.

                                      Respectfully submitted,

                                      KIRKLAND & ELLIS LLP

                                      By: */s/ David K. Callahan, P.C.*

                                      David K. Callahan, P.C. (IL Bar No. 6206671)
                                      300 North LaSalle Street
                                      Chicago, Illinois 60654
                                      Telephone: (312) 862-2000
                                      Facsimile: (312) 862-2200

                                      *Attorneys for Plaintiff, Dyson, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **MEMORANDUM IN SUPPORT OF DYSON'S MOTION TO COMPEL BISSELL PURSUANT TO RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE** was served via the Court's Electronic Case Filing System pursuant to Local Rule 5.9 on April 22, 2011 to the following counsel of record:

> David C. Hilliard
> Uli Widmaier
> Ashly A. Iacullo
> PATTISHALL, McAULIFFE, NEWBURY,
> HILLIARD & GERALDSON LLP
> 311 South Wacker Drive
> Suite 5000
> Chicago, Illinois 60606

>                           */s/ David K. Callahan, P.C.*