IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYSON, INC., ) | |
| ) | Case No. 10-cv-08126 |
| Plaintiff, ) | |
| ) | Judge Samuel Der-Yeghiayan |
| v. ) | |
| ) | Magistrate Judge Maria Valdez |
| BISSELL HOMECARE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## BISSELL HOMECARE INC.'S RESPONSE
## TO DYSON'S MOTION TO COMPEL

Defendant BISSELL Homecare, Inc. ("BISSELL") hereby responds to Dyson, Inc.'s ("Dyson") Motion to Compel, filed on April 28, 2011 ("Motion").

Dyson's Motion is premature. The parties conducted a meet-and-confer on April 27, 2011, during which they discussed Dyson's interrogatories and BISSELL's responses. *See* Exhibit A (4/28/11 e-mail exchange among the parties' counsel). Negotiations about the interrogatories were continued, and on April 28 BISSELL confirmed to Dyson "that we [BISSELL] are considering the offer you [Dyson] made yesterday to grant an extension of time for BISSELL to respond substantively to Dyson's interrogatories, and that we would let you have our position on this matter by Monday." *See id* (11:28 a.m. e-mail by BISSELL's counsel). Instead, Dyson files its Motion immediately. *See id.* (11:31 a.m. e-mail by Dyson's counsel). There was no "impasse" (Motion at p. 4).

Dyson's discovery tactics burden the Court with an unnecessary motion on an issue the parties are in the process of resolving. Furthermore, Dyson's argument is mistaken. BISSELL legitimately objected that the number of Dyson's interrogatories exceeds the permissible limit.

362401v1

-2-

"[T]he proper method for objecting to a set of interrogatories that exceeds 25 is not completely clear." *Holmes v. Trustees of Purdue University*, No. 4:06-CV-114, 2008 WL 656263 (N.D. Ind. Mar. 5, 2008). Responding substantively to some of the interrogatories may result in waiver of the objection. *See, e.g., Allahverdi v. Regents of the University of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005 ) ("**When a party believes that another party has asked too many interrogatories, the party to which the discovery has be propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not others, the defendants waived this objection.**") (emphasis added) (cited in *Holmes*). To preserve its objections, BISSELL appropriately declined to answer Dyson's interrogatories.

Dyson's Motion is premature and mistaken on the law. BISSELL continues its attempts to resolve the issue by negotiation. As BISSELL previously told Dyson, on Monday, May 2, BISSELL is submitting a proposal to Dyson concerning Dyson's interrogatories. It is hoped that this proposal will obviate further proceedings on Dyson's rash motion.

-3-

Dated: May 2, 2011                Respectfully submitted,

                                      PATTISHALL, McAULIFFE, NEWBURY,
                                      HILLIARD & GERALDSON LLP

                                By:    /s/ Uli Widmaier
                                          David C. Hilliard (IL Bar No. 1217496)
                                          Uli Widmaier (IL Bar No. 6226366)
                                          Ashly A. Iacullo (IL Bar No. 6289801)
                                          311 South Wacker Drive
                                          Suite 5000
                                          Chicago, Illinois 60606
                                          Telephone: (312) 554-8000
                                          Facsimile: (312) 554-8015

                                    *Attorneys for Defendant, BISSELL Homecare, Inc.*

# EXHIBIT A

**Uli Widmaier - Re: Meet and Confer Follow Up**

| | |
|---|---|
| **From:** | "David Callahan" <dcallahan@kirkland.com> |
| **To:** | "Uli Widmaier" <uw@pattishall.com> |
| **Date:** | 4/28/2011 11:31 AM |
| **Subject:** | Re: Meet and Confer Follow Up |
| **CC:** | "Ashly Iacullo" <AI@pattishall.com>, "Ann Marie Wahls" <awahls@kirkland.com>, "DavidHilliard" <DCH@pattishall.com>, "Mary BethFournier" <MBF@pattishall.com> |

Uli:

That is correct. There is no way we will be able to present our motion before Monday; we are hopeful that Bissell will reconsider what we view as entirely baseless objections and agree to substantively respond to this fundamental discovery. To the extent Bissell agrees to do so, we can file a stipulation to that effect with the Court and will have no need to set a briefing schedule. To the extent Bissell decides not to reconsider its objections, we will be able to set a briefing schedule to allow this issue to be promptly present to the Court. Regards.

David Callahan, P.C.
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654

312-862-2182 - phone
312-543-8673 - mobile
312-862-2200 - fax
david.callahan@kirkland.com

"Uli Widmaier" <uw@pattishall.com>

04/28/2011 11:28 AM

To "David Callahan" <dcallahan@kirkland.com>
cc "Ann Marie Wahls" <awahls@kirkland.com>, "Ashly Iacullo" <AI@pattishall.com>, "David Hilliard" <DCH@pattishall.com>, "Mary Beth Fournier" <MBF@pattishall.com>
Subject Re: Meet and Confer Follow Up

David,

This is to confirm what we just discussed on the phone. I called you to inform you that we are considering the offer you made yesterday to grant an extension of time for BISSELL to respond substantively to Dyson's interrogatories, and that we would let you have our position on this matter by Monday, which is the date the parties agreed that we will provide you with our substantive responses to the requests for admission, as well as with a revised draft protective order.

You responded that you will move to compel today or tomorrow.

Regards,
Uli

>>> "David Callahan" <dcallahan@kirkland.com> 4/28/2011 11:16 AM >>>
Uli:

We are at an impasse; we've simply looked at the case you cited and determined it does not change the status quo of our meet and confer yesterday.

David Callahan, P.C.
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654

312-862-2182 - phone
312-543-8673 - mobile
312-862-2200 - fax
david.callahan@kirkland.com

"Uli Widmaier"
<uw@pattishall.com>

04/28/2011 11:14 AM

To "David Callahan" <dcallahan@kirkland.com>
cc "Ann Marie Wahls" <awahls@kirkland.com>, "Ashly Iacullo" <AI@pattishall.com>, "David Hilliard" <DCH@pattishall.com>, "Mary Beth Fournier" <MBF@pattishall.com>
Subject Re: Meet and Confer Follow Up

David,

Thank you for your note. We will take the matter under advisement and let you have our position by Monday.

Regards,
Uli

>>> "David Callahan" <dcallahan@kirkland.com> 4/28/2011 8:47 AM >>>
Uli:

We carefully reviewed the case you cited during our meet and confer yesterday, along with some of the cases it cites. WE do not believe that it comes close for the proposition that service of more than 25 interrogatories (you know from our call we do not agree with the way in which you have counted our five interrogatories to be several hundred) allows you to refuse to answer any. While your case cites one case that so holds, it also cites a case which does not reach that result. Critically, the case itself does not reach that result; the court there turning the issue back to the parties to work out.

It appears we are at an impasse on this issue, as well as the confidentiality issue, as to which you did not cite any legal authority. Regards.


David Callahan, P.C.
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654

312-862-2182 - phone
312-543-8673 - mobile
312-862-2200 - fax
david.callahan@kirkland.com

```
***************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***************************************************************
```

***************************************************************

The preceding message and any attachments may contain confidential information protected by the attorney-client or other privilege. You may not forward this message or any attachments without the permission of the sender. If you believe that it has been sent to you in error, please reply to the sender that you received the message in error and then delete it. Nothing in this email message, including the typed name of the sender and/or this signature block, is intended to constitute an electronic signature unless a specific statement to the contrary is included in the message.

***************************************************************

```
***************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***************************************************************
```

***************************************************************

The preceding message and any attachments may contain confidential information protected by the attorney-client or other privilege. You may not forward this message or any attachments without the permission of the sender. If you believe that it has been sent to you in error, please reply to the sender that you received the message in error and then delete it. Nothing in this email message, including the typed name of the sender and/or this signature block, is intended to constitute an electronic signature

unless a specific statement to the contrary is included in the message.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*